(No. 37885.— ▮▮▮▮▮▮▮▮▮
LA SALLE NATIONAL BANK *et al.,* Appellees, *vs.* THE VILLAGE OF GRAYSLAKE *et al.,* Appellants.

*Opinion filed November 26, 1963.*

ALFRED W. LEWIS, of Waukegan, for appellants.

JOSEPH N. SIKES, of Grayslake, and FRED H. GEIGER, of Waukegan, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Plaintiffs applied to the village board of Grayslake for a permit to construct a combination store and apartment building with four stores on the ground level and two stories above to contain 6 apartments each. Upon denial of a permit plaintiffs filed this action. Count I of the complaint sought a writ of *mandamus* to compel issuance of a permit and count II prayed for a declaratory judgment that the zoning ordinance be interpreted to permit the proposed building or, in the alternative, that if the ordinance be interpreted to prohibit such a building that the ordinance be held discriminatory and unconstitutional as applied to the property.

Motions for summary judgment were denied by the first trial judge, who held in a memorandum opinion that the ordinance permitted the type of building proposed, but that the proposed use was subject to the ordinance's intensity-of-use provisions. The cause was then assigned for hearing to the second trial judge who held that he was bound by the construction in the previous opinion, and he declared the

ordinance valid as applied to the premises. On motion of plaintiffs, the first trial judge then filed a clarification of his prior opinion reiterating his previous view but declaring that it was not his intention to decide the question of whether the density-of-use limitation was constitutionally valid. Whereupon, plaintiffs filed an amendment alleging that the ordinance "is unconstitutional in its entirety having no application to the health, welfare and morals of the community * * *." The second trial judge then entered an order dated November 19, 1962, finding "That the portion of the Ordinance included in the amended Petition is invalid" and ordering "that the prayer of the amended Petition is hereby allowed." This appeal is from that order.

The zoning ordinance provides for four districts. A-Residence districts are for single-family dwellings with certain other uses permitted. B-Residence districts permit all "A" uses plus multiple buildings, including flats and boarding and lodging houses, with intensity of use restricted to 50% of the area of a corner lot or 40% of an interior lot, and limiting occupancy to a maximum of 12 families per acre. C-Business districts permit all "A" and "B" uses together with 47 enumerated businesses such as retail shops, service stations, garages, restaurants and hotels. The latter is defined as premises where lodging is provided for more than 20 persons. The "C" district intensity of use permits occupancy of up to 90% of the land area by the buildings, however the last sentence reads: "Buildings or parts of buildings used wholly for residential purposes shall conform to the restrictions provided herein for such buildings in the 'B' Residence District." The tract in question is located in a "C" district.

The only reasonable construction of the above-quoted sentence is that it makes compliance with the "B" intensity-of-use restriction applicable to the apartment portion of the proposed building. Proof that in a number of instances permits were issued by the village for multiple-dwelling units in

a "C" district without regard to the intensity provisions applicable to "B" districts does not change such a construction, but only shows disregard for a provision of the ordinance.

For the reasons hereafter assigned, we are of the opinion that the intensity-of-use restriction in the ordinance is unreasonable and void as applied to plaintiffs' property, and that it is unnecessary to pass upon the validity of the ordinance generally. Defendants suggest that this approach cannot be taken since plaintiffs filed no cross-appeal. This view overlooks the fact that where a litigant obtains the relief he has sought, he may rely upon any ground appearing in the record to support his judgment. *Bullman* v. *Cooper,* 362 Ill. 469; *Hillmer* v. *Chicago Bank of Commerce,* 375 Ill. 266.

The following facts are undisputed. The tract upon which the combination store and apartment building is proposed to be built is vacant, low, grown up with weeds and at times is covered with water up to four feet deep. It is located in a district zoned and used for commercial purposes, with a public and a parochial school close by. The foundation of a building on this land must be placed on pilings thereby increasing the cost up to $20,000. It would be economically unfeasible to build a one-story commercial building. While a multi-story commercial building is not in demand, a multi-story housing unit combined with commercial ground floor usage is in demand. One witness testified that the proposed construction would not adversely affect property values of the neighborhood but would enhance them. Two others said that the combination proposed was the highest and best use, while the defense produced one witness who gave his opinion that the best use was a one-story no-basement commercial building.

The only other evidence offered by the village was that of two witnesses questioning the adequacy of the water mains and sewers in the area. In rebuttal a former village engineer for 10 years prior to 1960 testified that the water and sewer systems were adequate. Furthermore, the water

and sewer systems, even if inadequate for 12 apartments would probably be more adversely affected by the construction of a hotel, a permitted use providing lodging for a minimum of 20 persons.

Plaintiffs' evidence was ample to overcome the presumption of validity of the ordinance, and there is no showing that the zoning restriction bears any substantial relationship to the health, safety and general welfare of the public.

We are of the opinion that the restriction is arbitrary and unreasonable, and is void as applied to the proposed use of the subject property.

For the reasons stated, the judgment of the circuit court of Lake County is affirmed. *Judgment affirmed.*